UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

MARK METZLER and JEREMY JACKSON, individually and on behalf of all others similarly situated,

    Plaintiff,

v.                                           Case No. 8:22-mc-0033-TPB-AAS

NATIONAL GAS & ELECTRIC, LLC,

    Defendant.
_____/

## ORDER

Plaintiffs Mark Metzler and Jeremy Jackson (collectively, the plaintiffs) request an order compelling the production of documents in response to a subpoena to non-party LAR Energy Options, LLC (LAR). (Doc. 1). Defendant National Gas & Electric, LLC (National Gas) opposes the motion and moves for a protective order. (Docs. 5, 7).

I.      BACKGROUND

The plaintiffs in this action are the named plaintiff and proposed class representatives in *Metzler v. National Gas & Electric, LLC*, Case No. 4:22-cv-00005 (S.D. Tex. 2022), pending in the United States District Court for the Southern District of Texas. The plaintiffs allege National Gas violated the

1

Telephone Consumer Protection Act, 47 U.S.C. § 227 et seq., (TCPA). (*See* Doc. 1, Ex. A). Through discovery, the plaintiffs learned LAR, a Florida LLC, was involved with the marketing campaign that resulted in National Gas' alleged TCPA violations.

The plaintiffs served LAR with a Non-Party Subpoena to Produce Documents. (Doc. 1, Exs. B, C). LAR failed to respond to the subpoena and the plaintiffs moved to compel responses. (Doc. 1). The court directed the plaintiffs serve LARS and opposing counsel with their motion to compel. (Doc. 2). After doing so, National Gas responded in opposition to the plaintiffs' motion and moved for a protective order requesting that documents produced under to the non-party subpoena be directed to counsel for National Gas to redact personally identifiable information and mark confidential information under the protective order entered in the underlying case. (Docs. 5, 7). The plaintiffs do not oppose this request. (*See* Doc. 7, p. 2).

## II.  ANALYSIS

A party may subpoena documents, electronically stored information, or tangible things in a non-party's possession under Federal Rule of Civil Procedure 45. Fed. R. Civ. P. 45(a)(1)(A)(iii). "The scope of discovery under Rule 45 is the same as the scope of discovery under Federal Rule of Civil Procedure 26." *Digital Assur. Certification, LLC v. Pendolino*, No. 6:17-cv-72, 2017 WL 4342316, at *8 at *22 (M.D. Fla. Sept. 29, 2017). "Parties may obtain discovery

regarding any nonprivileged matter that is relevant to any party's claim or defense and proportional to the needs of the case ...." Fed. R. Civ. P. 26(b)(1). The party opposing a subpoena must demonstrate that compliance with the subpoena presents an undue burden or that it requires the disclosure of privileged or protected information. *Fadalla v. Life Auto. Prods, Inc.*, 258 F.R.D. 501, 504 (M.D. Fla. 2007).

The plaintiffs issued a subpoena to LAR, requesting relevant and proportional information about the alleged equipment utilized by National Gas to transmit prerecorded messages to the plaintiffs and members of the putative class. (*See* Doc. 1, Ex. B). National Gas' opposition to the non-party subpoena states "[the subpoena] seeks information that, to the extent it exists, may contain information that [National Gas] has a right to protect." *See Field v. Anadarko Petroleum Corp.*, No. 4:20-CV-00575, 2020 WL 4937122, at *2 (S.D. Tex. Aug. 24, 2020) ("A party may object to a subpoena issued to a non-party only if the party asserts a 'personal right or privilege with respect to the materials subpoenaed.'") (quoting *Brown v. Braddick*, 595 F.2d 961, 967 (5th Cir. 1979)). However, National Gas' request for production under the terms of the existing protective order remedy this opposition.

Thus, the subpoenaed documents must be produced by LAR under the terms of the protective order entered in the Southern District of Texas action.

### III. CONCLUSION

Accordingly, it is **ORDERED**:

(1) The plaintiffs' motion for an order compelling the non-party LAR to produce the subpoenaed documents (Doc. 1) is **GRANTED**.

(2) National Gas' unopposed motion for protective order (Doc. 7) is **GRANTED**. Documents produced by LAR under the non-party subpoena will be directed to counsel for National Gas to redact personally identifiable information and mark confidential information under the protective order entered in the Southern District of Texas.

(3) Each party should bear their own attorney's fees and costs related to the motions.[1]

**ENTERED** in Tampa, Florida on September 14, 2022.

*Amanda Arnold Sansone*
AMANDA ARNOLD SANSONE
United States Magistrate Judge

---

[1] The plaintiffs' motion to compel requests an award of attorney's fees and costs. (Doc. 1, p. 3). Although the plaintiffs' motion states that counsel complied with Local Rule 3.01(g), Middle District of Florida, plaintiffs' counsel subsequently notified the court that the Rule 3.01(g) certification was included in error. (*See* Doc. 6). Thus, an award of attorney's fees and costs related to the motion to compel would be unjust. *See* Fed. R. Civ. P. 37(a)(5)(A)(iii).